Taet, J.,
dissenting in part. I concur in the judgment in case number 36782, in paragraph two of the syllabus relating thereto, and also in that part of the judgment in case number 36781 relating to bank shares owned by nonresidents of Ohio.
However, in my opinion, the General Assembly has expressly and specifically provided that bank shares owned by a *382 foreign insurance company or by a domestic insurance company or by a dealer in intangibles shall not be subject to the tax levied by Section 5725.04, Revised Code, on shares in a financial institution.
Section 5725.25, Revised Code, reads:
“The real estate of a domestic insurance company shall be taxed in the place where it is located, the same as the real estate of other persons is taxed, hut the tax provided for hy Sections 5725.01 to 5725.26, inclusive, of the Revised Code, shall he in lieu of all other taxes on the other property and assets of such domestic insurance company and of all other taxes, charges, and excises on such domestic insurance companies, and of all other taxes on the stockholders, members, or policyholders of such company by reason of their stock or other interest in such insurance company, except as to annuities or the right to receive the proceeds of a policy payable after its maturity in installments, or left with the company at interest. Sections 5725.01 to 5725.26, inclusive, of the Revised Code do not assess any tax on any foreign insurance company or affect any tax on a foreign insurance company under any laws of this state.” (Emphasis added.)
By “the tax provided for by Sections 5725.01 to 5725.26, inclusive,” the General Assembly must have had reference only to the “annual franchise tax on the privilege of being * * * a domestic insurance company” provided for by Section 5725.18, Revised Code. The word “tax” is singular. Thus, that annual franchise tax is to “be in lieu of all other taxes on the other property and assets of such domestic insurance company” other than taxes on real estate. Certainly, bank shares owned by a domestic insurance company are described by the words “other property and assets of such domestic insurance company.”
Provision for taxation of foreign insurance companies is made in Chapter 5729 of the Revised Code. This explains the last sentence of Section 5725.25, Revised Code, which states as clearly as any words could that Section 5725.04, Revised Code, does “not assess any tax on any foreign insurance company or affect any tax on any foreign insurance company.”
The majority opinion states that the tax levied by Section 5725.04, Revised Code, “is not a tax on # * * foreign * * * in *383 surance companies” but “instead * * * is a tax on * * * shares of” such insurance companies. However, Section 5719.09, EevisedCode, twice refers to this tax levied by Section 5725.04, Eevised Code, as one “due * * * from the * * * owners of” the “shares,” and the provisions of Section 5719.10, Eevised Code, for enforcement of payment against such owners make it plain that the tax is a tax against the owners. Any doubt about this should have been removed by cases such as Union Savings Bank of Bellaire v. Pancoast, Treas. (1943), 142 Ohio St., 6, 50 N. E. (2d), 157; Society for Savings in City of Cleveland v. Peck, Tax Commr. (1954), 161 Ohio St., 122, 118 N. E. (2d), 651; First Federal Savings & Loan Assn. of Warren v. Peck, Tax Commr. (1954), 161 Ohio St., 149, 118 N. E. (2d), 667; and Second Federal Savings & Loan Assn. of Cleveland v. Bowers, Tax Commr. (1958), 168 Ohio St., 65, 151 N. E. (2d), 223.
Section 5725.26 reads:
“The real estate of a financial institution or dealer in intangibles shall be taxed in the place where it is located, the same as the real estate of persons is taxed, but the taxes provided for in Sections 5725.01 to 5725.26, inclusive, of the Eevised Code, shall be in lieu of all other taxes on the other property and assets of such institution or dealer.” (Emphasis added.)
In this section, unlike in Section 5725.25, Eevised Code, the word “taxes” in the plural instead of “tax” in the singular is used.
Section 5725.26, Eevised Code, was derived from Section 5409, General Code, relating to financial institutions, and Section 5414-3, General Code, relating to dealers in intangibles. Each of these sections used the word “tax” in the singular. The reason for using the plural in Section 5725.26, Eevised Code, apparently was that the two General Code sections were combined. Thus, in order to refer to the “tax” on a financial institution and the “tax” on a dealer in intangibles, the two together being “taxes,” it was necessary to use the word “taxes” in Section 5725.26, Eevised Code.
That the use of the word “taxes” in that section did not effect any change in the law as set forth in the foregoing Gen *384 eral Code sections is apparent from Section 1.24, Revised Code, which reads:
“That in enacting this act [i e., the Revised Code] it is the intent of the General Assembly not to change the law as heretofore expressed by the section or sections of the General Code in effect on the date of enactment of this act. The provisions of 'the Revised Code relating to the corresponding section or sections of the General Code shall be construed as restatements of and substituted in a continuing way for applicable existing statutory provisions, and not as new enactments.”
The reference in Section 5414-3, General Code, to “the tax provided for in this chapter,” which is now included in Section 5725.26, Revised Code, by a reference to “the taxes provided for by Sections 5725.01 to 5725.26, inclusive,” necessarily referred only to the tax on dealers in intangibles then provided for by Sections 5414-1 to 5414-7, General Code, and now provided for by Sections 5725.13 to 5725.17, inclusive, Revised Code.
Hence, it is apparent that Section 5725.26, Revised Code, exempts from the tax levied by Section 5725.04, Revised Code, shares of bank stock owned by a dealer in intangibles just as Section 5725.25, Revised Code, exempts from that tax such shares owned by a domestic insurance company.
Matthias and 0 ’Neill, JJ., concur in the foregoing opinion by Taft, J.